LESTER WARREN AND OTHERS *v.* JOHN WHITE AND OTHERS.

[ IN CHANCERY. ]

*Alteration in Deed.*

A mortgage purporting to be the mortgage of the husband alone, having been executed, acknowledged, and recorded, was so altered by erasures and interlineations as to purport to be an acknowledged mortgage by both husband and wife, and was signed and acknowledged by the wife before the witnesses to the execution by the husband; and the record was so altered as to correspond to the mortgage. *Held,* on petition to foreclose, that under the circumstances, *q. v.,* the mortgage was valid against both husband and wife.

PETITION FOR FORECLOSURE. The petition alleged a mortgage by defendant John White and his wife Mary Jane White, to Jesse White, the intestate, to secure the payment of certain promissory notes executed Decemer 21, 1858; the death of the intestate, and the appointment of the petitioner Warren as administrator of his estate ; settlement of the estate, and distribution by the administrator, by indorsement, of the mortgage notes among the other petitioners, the intestate's widow and children ; execution by the defendants John and Mary Jane of subsequent deeds of portions of the mortgaged premises, and of mortgages of the entire premises to other parties. The grantees in the subsequent deeds and mortgages were made parties defendant.

The defendant John answered, denying the execution of a mortgage by himself and his wife on December 21, 1859, or at any time ; alleging that he alone executed and delivered a mortgage of his home farm, excluding the homestead, to the intestate, on August 21, 1859, and that that mortgage was duly recorded on the same day; alleging that that mortgage did not secure the payment of the notes described in the petition ; alleging that he never knew that his wife ever signed that mortgage, then or afterwards ; alleging that after the mortgage was executed and recorded as alleged, the mortgage had been materially altered, and erasures and additions had been made therein, thereby changing the same

as to date, description, and parties, without his knowledge or consent, and, as he believed, by direction of the petitioners or some of them, with intent to defraud ; and alleging that he believed the record had been materially altered, and so altered as to show a receipt of the mortgage for record on December 21, with a certificate as follows :

The above deed was made out in the first place not including the wife, and her name was afterwards inserted, but not until after recording, but all alterations and erasures, both in the deed and upon the record, were made before the final execution thereof.

Attest,      A. D. ARMS, Town Clerk.

The other defendants also answered. The answers were traversed, and testimony taken. A copy of the mortgage in question was exhibited, whereby it appeared that words in the mortgage had been inserted or changed so as to make the wife a party, and that a memorandum, in substance like the one stated in the answer of the defendant John, was appended thereto. There was testimony tending to show that the defendant John went to the town clerk's and signed and acknowledged the deed on August 21, that the mortgage was then recorded, that on December 21 he went to the town clerk's with his wife, procured the town clerk to make the alleged alterations in the mortgage and in the record, and procured his wife to sign and acknowledge before the witnesses before whom he had signed, and that he and his wife then both acknowledged the mortgage. There was also evidence concerning the intent with which that was done, and with which the mortgage was delivered to and received by the grantee therein.

The cause was heard at chambers by REDFIELD, Chancellor, on petition, answers, traverse and testimony, and it was ordered and decreed that the defendants be foreclosed. Appeal by the defendants.

*Heath & Carleton,* for the petitioners.

*J. A. & G. W. Wing,* for the petitionees.

The opinion of the court was delivered by

BARRETT, J. The evidence shows that Mrs. White signed and acknowedged said deed on the 21st of December, 1859, in pres-

ence of the witnesses who had signed as witnesses of her husband's execution of the deed in August, 1859; that the erasures and additions on the deed were made by the direction of, and the execution thereof by Mrs. White was procured by, her husband, for the purpose of having it become the deed of White and wife, duly acknowledged as such, on the 21st of December, and the record thereof made to correspond, so as to have it become in all respects valid to convey in mortgage the property, right, and title covered by it; and as such deed it was by White and wife delivered to and received by the grantee therein.

It is found that the indebtedness which is now shown to have accrued, and is claimed to be secured by the mortgage, accrued upon the mutual understanding of the parties that the mortgage covered and secured it.　There is nothing tending to show that Mrs. White was misled or deceived into executing said mortgage, and she must be regarded as having executed it voluntarily and understandingly.　This being so, there is no ground or reason for invalidating its operation as to either the husband or wife, when brought in question in a court of equity, on a bill or petition for foreclosure.

*Decree affirmed, and cause remanded.*